IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOSEPH CHRISTOPHER CASTELLANO, : : : | |
| Plaintiff, : : | |
| : | NO. 5:16-CV-0202-CAR-MSH |
| VS. : : | |
| The GEO GROUP INC, et al, : : | |
| Defendants. : | |

### ORDER TO DISMISS

The above captioned case is currently before the Court for preliminary screening of the amended complaint filed by Joseph Christopher Castellano as required by the Prisoner Litigation Reform Act, 28 U.S.C. 1915A(a). Having now conducted a preliminary review of Plaintiff's claims, the Court finds that his complaint fails to state any viable claim for relief under 42 U.S.C. § 1983.

I. **Authority & Standard for Preliminary Review s**

Federal law requires that every complaint filed by either (1) a prisoner seeking redress from a government entity, official, or employee, or (2) a person who is proceeding before the court *in forma pauperis*, be screened by the district court for frivolity prior to service. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v.*

1

*Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and the plaintiff's claims must be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). *See also Ford v. Hunter*, 534 F. App'x 821, 825 (11th Cir. 2013) ("where the facts to state a claim are clearly present in a *pro se* complaint, even if the cause of action is mislabeled, a *pro se* plaintiff has indeed stated a claim").

The Court, however, is not required to create a claim where there is none. *See id*. Just the opposite: Federal law requires that a *pro se* complaint, or any part thereof, be dismissed, prior to service, if it is apparent on the face of the complaint that the plaintiff's the allegations, when taken as true, fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915(e); § 1915A(b)(1). Thus, to survive the preliminary review, the complaint must include "enough factual matter" to – not only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – but to also create "a reasonable expectation" that discovery will reveal evidence to prove the claim(s). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff's claims cannot be speculative or based solely suspicions; they must be supported by fact. *Id*. The use legal "labels and conclusions" or "a formulaic recitation of the elements" of a cause of action – unsupported by allegations of discoverable facts – is not enough to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("naked assertions do not suffice").

With these standards in mind, the Court now turns to Plaintiff's claims.

## II.     Plaintiff's Complaint

The present action arises out of events occurring while Plaintiff was confined at the Riverbend Correctional Facility ("Riverbend").  On February 15, 2016, Plaintiff was approached and advised that he would be "stabbed or jumped" by a group of "Mexicans" if he did not begin paying them money.   Plaintiff advised Defendant Sergeant Reeves of this general threat on the same day it occurred.  Reeves, however, "refused and prevented" Plaintiff from "going into protective custody" until another sergeant intervened "several minutes later" and checked Plaintiff into "segregation."

While in segregation, Plaintiff continued to ask prison officials to complete and submit the paperwork necessary for him to be placed in "protective custody."  Plaintiff states that he continued to fear for his life and repeatedly informed prison officials of his concerns in conversations and written statements, but became only more distressed, frustrated, and angry because he was not being "listened to."  After a few days in segregation, an officer tried to force Plaintiff to return to general population and, when Plaintiff refused, issued him a disciplinary report for refusing housing – which required Plaintiff to appear in "D.R. Court."   It was not until March 19, 2016, that Plaintiff's "PC paperwork" was finally completed.

Fortunately, Plaintiff was never attacked or injured by another prisoner.  He has now, however, filed the present action against Sergeant Reeves, Riverbend Correctional Facility, and the corporate operator of the prison (the Geo Group, Inc.) under § 1983. Plaintiff claims that Defendants were "negligent" and acted with "deliberate indifference

to his safety." He also feels that his "due process rights" were violated when he was issued a disciplinary report ("DR") for refusing to return to general population. Plaintiff seeks to recover money damages from both Riverbend and the GEO Group, and he requests that Sergeant Reeves be reprimanded and disciplined for his actions.

As is required on preliminary review, the Court accepts all of these facts as true. Plaintiff's factual allegations, however, still fail to state any viable claim against Defendants. Sergeant Reeve's initial refusal to take Plaintiff to segregation is not in-and-of itself unconstitutional. Another official intervened, only "minutes" later, and provided Plaintiff protection in the segregation unit. Plaintiff thus suffered no injury as a result of Reeve's momentary refusal. Furthermore, the remedy Plaintiff now seeks – that Reeves be reprimanded and disciplined by his employer – is not something that the district court can provide. *See Newman v. Ala.*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) ("district court does not have authority to … fire state employees.").

Plaintiff's claims against Defendants Riverbend and the GEO Group fail as a matter of law. A correctional facility is not an entity capable of being sued under §1983. *See Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); *Stevens v. Gay*, 864 F.2d 113, 114–15 (11th Cir. 1989). Private contractors who provide prison services likewise cannot be held liable under § 1983 unless the constitutional deprivation occurred as a direct result of its official policies or customs. *See Flakes v. Donald*, No. CV507-97, 2008 WL 3925177, at \*1 (S.D. Ga. May 15, 2008); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); and *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir.

1992).  Plaintiff has not alleged any facts to show that the Geo Group maintained a policy or custom that resulted in a denial of his constitutional rights.  *Salas v. Tillman*, 162 F. App'x 918, 922 (11th Cir. 2006) (conclusory allegation that the defendant failed to properly train or supervise staff insufficient to state a claim).

What is more, Plaintiff's allegations – even if amended to name an appropriate defendant for a due process claim – fail to describe any denial of due process.  Prisoners do not have a constitutionally guaranteed immunity from being wrongly accused of misconduct. *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986).  "[T]he Constitution requires only that Plaintiff be afforded due process at [an] institutional hearing," when a disciplinary report is made, which represents his opportunity to expose any such falsities or inaccuracies. *Freeman*, 808 F.2d at 952; *see also Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)." *Owens v. Leavins*, No. 5:05-CV-228, 2006 WL 2640275, at *6 (N. D. Fla. Sept. 13, 2006).  Plaintiff's Complaint contains no allegations to show that he was not provided a fair hearing before the "D.R. Court" or that it resulted in punitive sanction sufficient to trigger due process protections.  *See generally Sandin v. Conner*, 515 U.S. 472, 476 (1995).

### III.   Conclusion

The Court therefore finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted; and his complaint is hereby **DISMISSED WITHOUT PREJUDICE**,[1] pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e).

---

1 In the State of Georgia, § 1983 claims have a two-year statute of limitations. *See Owens v.*


**SO ORDERED** this 24th day of January, 2017

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

---

*Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)); O.C.G.A. § 9-3-33 (1982).  The events giving rise to Plaintiff's claims occurred in February and March of 2016.  The statute of limitation will not immediately bar Plaintiff from re-filing.